IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51103
Summary Calendar
_____

IRENE MORALES,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(A-99-CV-348-AWA)
--------------------
May 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Irene Morales appeals from the district court's grant of summary judgment adverse to her in its review of the decision of the Acting Commissioner of Social Security denying Morales's social security disability and supplemental security income (SSI) benefits. Morales contends that the Acting Commissioner's decision was not supported by substantial evidence and that the administrative law judge (ALJ) failed to ascertain from the vocational expert (VE) who testified at the hearing on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morales's claim whether her impairments, when taken together, would affect her ability to perform work.

We find that the Acting Commissioner's decision is supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Morales has failed to brief whether the Acting Commissioner erred by finding that she was physically capable of light work. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Neither does the record suggest that the Acting Commissioner erred by finding that Morales was capable of performing light work at the time of the Acting Commissioner's final decision.

The Acting Commissioner's finding that Morales's mental conditions were not totally disabling also was supported by substantial evidence. Morales's testimony at the hearing indicates that she could interact with others to some extent, and her mental residual functional capacity (RFC) assessments indicate at least a limited ability to function in the mental aspects of work.

The Acting Commissioner's finding that Morales could perform two of the jobs constituting her past relevant work, however, was not supported by substantial evidence. The magistrate judge thus prudently excluded the position of security guard from the list of jobs that Morales could perform. In addition, the position of machine operator is defined by the Department of Labor as a medium work position, *see* 2 DICTIONARY OF OCCUPATIONAL TITLES § 600.380-018 (4th ed., rev'd, 1991), and the Acting Commissioner found that Morales was limited to the ability to perform light work. Morales's own

2

description of the physical requirements of her machine-operator job also indicates that the job is beyond her physical capacity.

Nevertheless, the VE testified that Morales could work as a house cleaner at a motel, an assembler, a cafeteria attendant, or a cafeteria server, and the record contains no evidence calling that testimony into question. The conclusion that Morales could perform jobs existing in significant numbers in the national economy is therefore supported by substantial evidence. AFFIRMED.